It appearing to the court that on February 6, 1935, there were filed in the clerk’s office of this court the mandates of the Supreme Court of the United States, in words and figures, as follows:
 

 “United States of America, ss.: The President of
 
 *671
 
 the United States of America — To the Honorable the Judges of the Supreme Court of the State of Ohio, Greeting:
 

 “Whereas, lately in the Supreme Court of the State of Ohio, before you, or some of you, in a cause between West Ohio Gas Company, Plaintiff in Error, and The Public Utilities Commission of Ohio (City of Lima, Defendant in Error, No. 24104, [West Ohio Gas Company, Plaintiff in Error, and The Public Utilities Commission of Ohio, (City of Kenton), Defendant in Error, No. 24105,] wherein the decree of. the said Supreme Court, entered in said cause on the 16th day of May, A. D. 1934, is in the following words, viz.:
 

 “ * This cause came on to be heard upon the transcript of the record of the Public Utilities Commission of Ohio and was argued by counsel. On consideration whereof, it is ordered and adjudged by this Court, that the order of the said Public Utilities Commission of Ohio be, and the same is hereby, affirmed for the reasons stated in the opinion filed in this case; and it appearing to the Court that there were reasonable grounds for this proceeding in error, it is ordered that no penalty be assessed herein. It is further ordered that the defendant in error recover from the plaintiff in error its costs herein expended, taxed at $-. Ordered, that a special mandate be sent to the Public Utilities Commission of Ohio, to carry this judgment into execution.’
 

 as by the inspection of the transcript of the record of the said Supreme Court, which was brought into the Supreme Court of the United States by virtue of an appeal, agreeably tot the act of Congress in such case made and provided, fully and at large appears.
 

 “And Whereas, in the present term of October, in the year of our Lord one thousand nine hundred and thirty-four, the said cause came on to be heard before the Supreme Court of the United States on the said transcript of record, and was argued by counsel:
 

 
 *672
 
 * ‘ On consideration whereof, It is now here ordered, adjudged, and decreed by this Court that the decree of the said Supreme Court, in this cause be, and the same is hereby, reversed with costs; and that the said plaintiff in error, West Ohio Gas Company, recover against the said defendant in error Two Thousand Nine Hundred and Fifty-three Dollars and Thirty Cents [One Thousand Two Hundred and Fifty-six Dollars and Sixty-nine Cents] for its costs herein expended and have execution therefor.
 

 “And it is further ordered that this cause be, and the same is hereby, remanded to the said Supreme Court for further proceedings not inconsistent with the opinion of this Court.
 

 “January 7, 1935.
 

 “And the same is hereby remanded to you, the said Judges of the said Supreme Court of the State of Ohio, in order that such execution and further proceedings may be had in the said cause, in conformity with the judgment and decree of this court above stated, as, according to right and justice, and the Constitution and laws of the United States, ought to be had therein, the said appeal notwithstanding.
 

 “Witness the Honorable Charles E. Hughes, Chief Justice of the United States, the fourth day of February, in the year of our Lord one thousand nine hundred and thirty-five.
 

 “Charles Elmore Cropley,
 

 “Clerk of the
 

 Supreme Court of the United States.”
 

 Lima case.
 

 On March 19, 1928, the municipal authorities of the city of Lima passed an ordinance effective April 19, 1928, prescribing the maximum price to be charged for gas to consumers within the city during a period of five years. The rates were to be as follows:
 

 
 *673
 
 For the first 1,000 cubic feet of gas................ $ .90 per month
 

 For the next 3,000 cubic feet per month.....80 per M.C.F.
 

 For the next 6,000 cubic feet...........................75 per M.C.F.
 

 And for all over 10,000 per month.................55 per M.C.F.
 

 This was a, marked reduction under the rates previously charged, which were:
 

 $1.25 for the first 400 cubic feet
 

 1.05 for the next 9,600 cubic feet
 

 1.00 for the next 15,000 cubic feet and
 

 .75 per M.C.F. for all over 25,000.
 

 Pursuant to the provisions of the Ohio Statutes (Ohio General Code 614-44 et seq.), "West Ohio Gas Company, which supplies gas to the inhabitants of the city of Lima, Ohio, as well as to the neighboring communities, filed a complaint with the Public Utilities Commission of Ohio protesting against the ordinance, praying that the commission fix a fair and reasonable schedule and electing to charge the rates previously in force, giving a bond for the return of any excess collections made by it during the period.
 

 Hearings began before the commission in July, 1928 and ended in July, 1932. The result of these hearings was that the Public Utilities Commission of Ohio on March 10,1933, found the rates prescribed by the ordinance to be insufficient, at the same time finding that the rates being collected by the company were excessive.
 

 The commission thereupon prescribed a schedule of rates which, in its opinion, would yield a return of approximately 6.65 per cent per annum to the West Ohio Gas Company for the furnishing of gas to the city of Lima, Ohio, this schedule being,as follows:
 

 For 400 cubic feet or less per month............ $1.00
 

 For the next 9,600 cubic feet.............................95 per M.C.F.
 

 For anything in excess of 10,000 cubic feet per month .................................................... .75 per M.C.F.
 

 with penalties if payments are delayed.
 

 This schedule of rates was to be retroactive as of the effective date of the ordinance, April 19, 1928, and the rates were to remain in force and effect for a term
 
 *674
 
 of five years, and the difference between tbeir yield and the amount collected by the company was to be returned to the consumers.
 

 The case was duly prosecuted to this court by the West Ohio Gas Company on a petition in error, and this court affirmed the decision of the commission (128 Ohio St., 301), and held that a net return of six per cent per annum was not unreasonable (128 Ohio St., 302.) An appeal was then taken by the company to the Supreme Court of the United States and that court reversed the judgment of this court, affirming the order of the commission, and remanded the cause for further proceedings not inconsistent with the opinion rendered by the Supreme Court of the United States therein (West Ohio Gas Co., Appellant, v. Public Utilities Commission of Ohio, Appellee, 294 U. S., 63).
 

 The Supreme Court of the United States, in its opinion, found that the valuation of the company’s property, as fixed by the commission, in the sum of $1,901,696.26 as of March 31, 1929, had. become final; and that, on the basis of the average net income of the company for the four-year period, the company would have enjoyed, over the period involved, an average return of about 5.75 per cent. That court found in effect that such a rate of return for the period involved would not be confiscatory. It held, however, that the commission had erred in the exclusion of certain operating expenses, as follows:
 

 In the reduction of the allowance for unaccounted for gas from nine per cent to seven per cent, amounting in dollars to $3,800 a year; in the erroneous method of applying distribution expenses resulting in a reduction of $6,200 a year; in the erroneous method of treating commercial expenses resulting in a reduction of $1,085.25 per year; in the improper reduction in new business expense to the extent of $7,000 a year; and in the failure to allow rate case expense to the extent of $5,100 a year, spread over a six-year period.
 

 
 *675
 
 The Supreme Court of the United States further found that the total of these reductions was $23,125.25 annually (actually they were $23,185.25), and that when these expenses were added to the operating charges, the average net income of the company involved was reduced from $109,414 to $86,228.75, and the rate of return to approximately 4.53 per cent upon the rate base of $1,901,696.26, and that this rate of return was too low to satisfy the requirements of the constitution when applied to a corporation engaged in the sale of gas during the years 1928 to 1931.
 

 From what has been said, it will appear that the schedule of rates prescribed by the Public Utilities Commission of Ohio to be charged by the West Ohio Gas Company in the city of. Lima, Ohio, for the five-year period involved is insufficient by not less than the sum of $23,125.25 per year for the purpose of returning to the company a return upon the rate base of $1,901,696.26. It will, therefore, be necessary for the Public Utilities Commission of Ohio to prescribe a new schedule of rates to be charged to gas consumers in the city of Lima, Ohio, for the five-year period beginning April 19, 1928, which will yield to the company an annual income of not less than $109,414.00. Insofar as the rates collected by the company during the period involved shall exceed the schedule so fixed by the Public Utilities Commission of Ohio, in accordance with the provisions of this mandate, the excess shall be returned to the gas consumers of the city of Lima, Ohio, who are entitled thereto.
 

 Kenton case.
 

 An ordinance adopted by the city council of Kenton, Ohio, on July 16, 1929, effective August 16, 1929, prescribed a schedule of rates within the city] of Kenton for a period of two years.
 

 West Ohio Gas Company, which furnishes gas to Kenton, filed a complaint with the Public Utilities Commission of Ohio, stating its existing schedule of
 
 *676
 
 rates was not excessive and that the schedule of rates prescribed by the municipality would result in the confiscation of its property.
 

 During the pendency of the appeal before the commission, the company gave a bond and elected to collect the schedule of rates then in effect, pending the outcome of the litigation and guaranteeing the repayment of any excess that might be found to have been collected upon the final determination of the cause.
 

 The final value of the property of the company, devoted to the service of furnishing gas to the city of Kenton, Ohio, was fixed by the commission at $189,-856.56. No appeal was taken to this final valuation as fixed by the commission.
 

 On March 10, 1933, the commission made a final order to the effect that the ordinance schedule was unjust and unreasonable, and prescribed a new schedule of rates to be effective during the period of the ordinance (August 16, 1929 to August 16, 1931), and for a year and one-half afterwards (i. e., until February 16, 1933).
 

 The commission further found that all collections in excess of the new rates during the period involved were to be refunded to the consumers entitled thereto.
 

 A motion for a rehearing was filed by the company, and in due course denied by the commission. Error proceedings were then prosecuted to this court, which affirmed the order of the commission. (128 Ohio St., 301.) An appeal was then taken to the Supreme Court of the United States, and that court reversed the order of the commission which had been, in turn, affirmed by this court. (West Ohio Gas Co., Appellant, v. The Public Utilities Commission of Ohio, Appellee, 294 U. S., 79.)
 

 In its opinion, reversing the order of the Public Utilities Commission of Ohio, the Supreme Court of the United States pointed out that it apparently had been the intention of the Public Utilities Commission
 
 *677
 
 of Ohio to establish a schedule of charges that would enable the West Ohio Gas Company to receive an annual return of six per cent upon the value of its Kenton property, and that to accomplish that result, an annual net income of $11,391.39 would be needed. But that, as a matter of fact, due to mathematical errors, the schedule prescribed by the commission for the year 1929, being the year chosen by the commission as a standard, would have yielded to the company only 4.92 per cent upon the rate base of $189,856.36, and that had the commission regarded the evidence for the succeeding years 1930 and 1931, the return upon the rate base would have been 4.23 per cent for the year 1930 and 3.68 per cent for the year 1931.
 

 The court further held that the adoption of a single year, as a standard, in view of the evidence which was available as to the succeeding' years, was arbitrary and improper.
 

 It was the further opinion of the Supreme Court of the United States that there were other errors in the commission’s findings arising out of the exclusion of certain 'operating expenses, as discussed by the Supreme Court of the United States in, the Lima case, which would probably further reduce the rate of return that would have been earned by the company under the schedule of rates prescribed by the commission.
 

 The cause was accordingly remanded for further proceedings not inconsistent with the opinion of the Supreme Court of the United States.
 

 It thus becomes apparent that it will be necessary for the Public Utilities Commission of Ohio to establish a new schedule of rates to be charged by the West Ohio Gas Company at Kenton, Ohio, for the period involved which will yield to that company a return of approximately six per cent upon a rate base of $189,-856.56, which would amount to not less than $11,391.39 a year. This cause is therefore remanded to the Pub-
 
 *678
 
 lie Utilities Commission of Ohio for the purpose of said commission establishing a schedule of rates covering the furnishing of gas to the consumers of that product in the city of Kenton, for the period involved, which will yield to the company an annual return of not less than $11,391.39, and if it he found that the revenues collected by the company during the period have exceeded that amount, the excess shall he returned to the consumers of gas within the city of Kenton, Ohio, entitled thereto.
 

 It is therefore ordered and adjudged that these proceedings he, and the same hereby are, remanded to the Public Utilities Commission for further proceedings according to law, not inconsistent with the opinion of the Supreme Court of the United States.
 

 Remanded to the Public Utilities Commission.
 

 Weygandt, C. J., Stephenson, Matthias and Zimmerman, JJ., concur.
 

 Williams and Day, JJ., not participating.